IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| CENTRAL MISSISSIPPI CREDIT CORPORATION, | ) ) ) | |
| Appellant, | ) ) | |
| v. | ) ) | CASE NO. 3:15-cv-00932-JAR |
| PEGGY ANN VAUGHN, | ) ) | |
| Appellee. | ) | |

## OPINION

Appellant Central Mississippi Credit Corporation ("CMCC" or "Appellant") and Appellee Peggy Ann Vaughn ("Vaughn" or "Appellee") jointly move the court to vacate its August 4, 2016, Memorandum Opinion and Order. Joint Mot. to Vacate Order & Final J., ECF No. 23 ("Joint Mot. to Vacate").[1] The court intends to grant the parties' joint motion upon a return of jurisdiction to this court.

The court presumes familiarity with the facts of the case, as discussed in its prior decision. See Cent. Miss. Credit Corp. v. Vaughn, 555 B.R. 803, 809–11 (M.D. Ala. 2016). The court affirmed in part and remanded in part the U.S. Bankruptcy Court for the Middle District of Alabama (the "bankruptcy court")'s decision, rejecting most of CMCC's challenges but vacating and remanding the bankruptcy court's actual award of punitive damages as excessive. Id. at 818,

---

[1] Although the parties make their motion pursuant to Federal Rule of Civil Procedure 60(b), that rule by its own terms applies to a "Final Judgment, Order, or Proceeding" and may not govern because the court's prior decision, which ordered a remand and did not resolve all of the issues appealed to the district court, does not appear to be a final order. Thus, the court treats the motion as one brought under Federal Rule of Civil Procedure 54(b), which provides that "any order . . . that adjudicates fewer than all the claims . . . may be revised at any time before the entry of a judgment adjudicating all the claims . . . ."

820.  On August 12, 2016, Vaughn filed a notice of appeal to the U.S. Court of Appeals for the

Eleventh Circuit ("Eleventh Circuit").  Notice of Appeal 1, ECF No. 17.  According to the

parties, while the appeal was pending and at the behest of the Kinnard Mediation Center for the

Eleventh Circuit, the parties participated in telephone mediation on November 1, 2016.  Joint

Mot. to Vacate ¶ 4.  After continuing to engage in informal mediation over the following days,

the parties "reached an agreement in principle to settle the matters on appeal . . . with the

agreement contingent upon this [court's] vacating its" August 4, 2016, Memorandum Opinion

and Order.  Id. ¶¶ 6–7.  The parties, therefore, jointly filed the present motion on December 1,

2016.

       The Supreme Court in U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership, 513 U.S.

18 (1994) was confronted with determining "the effect of a settlement on the normal practice of

vacating lower courts' decisions once an appeal has become moot" and thereby "laid out a

balancing approach in the 'equitable tradition of vacatur.'"  Hartford Cas. Ins. Co. v. Crum &

Forster Specialty Ins. Co., 828 F.3d 1331, 1334 (11th Cir. 2016) (quoting Bancorp, 513 U.S. at

24–25).  The Supreme Court held that "mootness by reason of settlement does not justify vacatur

of a judgment under review" in part because in settling "the losing party has voluntarily forfeited

[its] legal remedy by the ordinary processes of appeal or certiorari, thereby surrendering [its]

claim to the equitable remedy of vacatur."  Bancorp, 513 U.S. at 24, 29.  Nevertheless, even

where mootness is caused by settlement, vacatur may be appropriate in "exceptional

circumstances."  Id. at 29 ("[E]xceptional circumstances do not include the mere fact that the

settlement agreement provides for vacatur[.]").  In such situations, the Eleventh Circuit has

explained that "courts determine the propriety of granting vacatur by weighing the benefits of

settlement to the parties and to the judicial system (and thus to the public as well) against the harm to the public in the form of lost precedent." Hartford Cas. Ins., 828 F.3d at 1336.

Although the present controversy will be mooted pursuant to a settlement, the equities favor vacating because exceptional circumstances exist. At the outset, the court recognizes that judicial precedents are "valuable to the legal community as a whole" and thereby benefit the public interest. Bancorp, 513 U.S. at 26 (quoting Izumi Seimitsu Kogyo Kabushiki Kaisha v. U.S. Philips Corp., 510 U.S. 27, 40 (1993) (Stevens, J., dissenting)). But, the situation is similar to that in Hartford Casualty Insurance, in which the Eleventh Circuit held that exceptional circumstances existed. First, even though Vaughn, the appealing party, has voluntarily agreed to a settlement, the parties "did not begin their negotiations leading to settlement unprompted." See 828 F.3d at 1336. The parties were directed to participate in the initial telephone mediation by the Kinnard Mediation Center for the Eleventh Circuit. Joint Mot. to Vacate ¶¶ 4, 16. Second, the parties have made settlement conditioned on vacatur and, thus, according to Eleventh Circuit precedent, this "is not the case of an appellant 'voluntarily forfeiting [its] legal remedy by the ordinary processes of appeal or certiorari.'" Hartford Cas. Ins., 828 F.3d at 1336 (quoting Bancorp, 513 U.S. at 25–26); see also Joint Mot. to Vacate ¶¶ 7, 19. Moreover, the public interest would be furthered by halting further proceedings, which would potentially involve three levels of the federal court system, thereby saving judicial resources. The benefit to judicial resources is even more apparent given that this case was identified by the Kinnard Mediation Center for the Eleventh Circuit as appropriate for mediation. See 11th Cir. R. 33-1(c)(1) ("[T]he Kinnard Mediation Center . . . may direct counsel and parties in an appeal to participate in mediation conducted by the court's circuit mediators."). Thus, whereas there may be some slight

harm to the public in vacating the court's opinion, that harm does not outweigh the benefits to the parties in settling the litigation and to the public in preserving judicial resources.

The attached judgment is effective upon dismissal of the appeal to the Eleventh Circuit and return of jurisdiction to this court.

                                                       /s/ Jane A. Restani

Dated: December 6, 2016                                         Jane A. Restani
         New York, New York                                             Judge

4